FILED
JUN 10 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

HERMINIO LOPEZ,

    Plaintiff,

v.

RONALD STONE, CARROLL TICHENOR,
JOHN COLLINS, NEWBERG/DUNDEE
POLICE DEPARTMENT, DISTRICT
ATTORNEY OF YAMHILL COUNTY,

    Defendants.

CV 10-546-PK

FINDINGS AND
RECOMMENDATION

PAPAK, Magistrate Judge:

    Plaintiff *pro se* Herminio Lopez, proceeding *in forma pauperis,* filed this action against the "Judges of Yamhill County Circuit Court in their individual capacities" (naming them as Ronald Stone, Carol Tichenor, and John Collins), the Newberg/Dundee Police Department, and the District Attorney of Yamhill County on May 13, 2010. Lopez alleges the defendants' liability under 42 U.S.C. §§ 1981, 1985, and 1986 and the Fifth and Fourteenth Amendments of the United States Constitution. Lopez' claims arise out of criminal proceedings before the Yamhill County Circuit Court which resulted in a stalking order being entered against Lopez. Lopez has previously brought an action in this court arising out of those same proceedings, which action

Page 1 - FINDINGS AND RECOMMENDATION

(Case No. CV 08-706-PK) this court dismissed pursuant to 28 U.S.C. § 1915(e)(2), for lack of subject-matter jurisdiction.

Now before the court are Lopez' motion (#3) for appointment of counsel and motion (#6) to reassign this action to a different judge. For the reasons set forth below, both motions should be denied. Moreover, because this court lacks subject-matter jurisdiction to hear Lopez' claims against any of the defendants, the court should dismiss Lopez' action *sua sponte* in its entirety.

## FACTUAL BACKGROUND

According to Lopez' complaint, Lopez was the defendant in criminal stalking proceedings brought against him in the Yamhill County Circuit Court. Each of the claims for relief set forth in Lopez' complaint arises out of the Yamhill County proceedings and the stalking order entered against Lopez following those proceedings. Lopez' first claim alleges all defendants' liability under 42 U.S.C. § 1981 for allegedly denying him a fair an impartial hearing in the Yamhill County proceedings. His second claim alleges defendants' liability under 42 U.S.C. § 1985 and the Fifth and Fourteenth Amendments for allegedly denying him his due process and equal protection rights by denying him "access" to "exculpatory" evidence. His third claim alleges defendants' liability under 42 U.S.C. § 1986 for allegedly using criminal proceedings to obtain a civil order. His fourth claim alleges that his equal protection and due process rights were violated when the defendants allegedly conspired to fail to administer the law in a fair and impartial manner in connection with the Yamhill County proceedings. His fifth claim alleges defendants' liability under 42 U.S.C. § 1985(3) for allegedly administering the law in a "Discriminatory" manner.

## ANALYSIS

### I. Motion for Appointment of Counsel

Lopez moves for appointment of *pro bono* counsel to represent him in this action. However, this court is without authority to appoint counsel in a civil action. *Cf.* Fed. R. Crim. P. 44. I therefore recommend that the motion for appointment of *pro bono* counsel be denied.

Moreover, I note that, for reasons set forth below, Lopez seeks relief that this court is without authority to grant. I therefore do not recommend that this action be referred to the District of Oregon's Pro Bono Representation Program.[1]

### II. Motion for Reassignment

Lopez moves for reassignment to a new judge on grounds he articulates, in their entirety, as follows:

> to insure [sic] a fair and level playing field in which to address the issues presented in this Case be read with a clear and open mind and that no allegations of partially [sic] can be raised. This Case is an independent action and newly discovered evidence that the Plaintiff did not know existed and or concealed supports the Plaintiff action and should be viewed by a Different Judge.

I construe Lopez' motion as a motion for recusal.

A judge must disqualify himself or herself from hearing a case if the assigned judge's impartiality might reasonably be questioned on the basis of any extrajudicial source of bias. *See* 28 U.S.C. § 455(a); *see also, e.g., Hasbrouck v. Texaco, Inc.*, 842 F.2d 1034, 1045 (9th Cir. 1988). The assigned judge must also recuse himself or herself under any of the following circumstances:

---

[1] For further information regarding the Pro Bono Representation Program, Lopez may consult the court's website at http://ord.uscourts.gov/pro-bono-forms/local-forms/pro-bono-forms/pro-bono-program/details.

Page 3 - FINDINGS AND RECOMMENDATION

(1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

(2) Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;

(3) Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;

(4) He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;

(5) He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:

    (i) Is a party to the proceeding, or an officer, director, or trustee of a party;

    (ii) Is acting as a lawyer in the proceeding;

    (iii) Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;

    (iv) Is to the judge's knowledge likely to be a material witness in the proceeding.

28 U.S.C. § 455(b). The recusal decision is made by the judge whose impartiality is at issue. *See Bernard v. Coyne*, 31 F.3d 842, 843 (9th Cir. 1994).

None of the foregoing circumstances being present here, I recommend that the motion for reassignment be denied.

### III. Dismissal Pursuant to Federal Civil Procedure Rule 12(h)(3) and 28 U.S.C. § 1915(e)(2) for Lack of Subject-Matter Jurisdiction

Federal Civil Procedure Rule 12(h)(3) provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F.2d 278, 280 (9th Cir. 1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction"). Moreover, in connection with *in forma pauperis* actions such as this, the district courts are obliged to dismiss *sua sponte* actions failing to state a claim upon which relief can be granted:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that—
>
> * * *
>
> (B) the action . . .
>
> * * *
>
> (ii) fails to state a claim on which relief may be granted. . . .

28 U.S.C. § 1915(e)(2).

A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case. *See, e.g., Home Builders Ass'n v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998); *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996). Pursuant to the so-called *Rooker-Feldman* doctrine, the federal courts lack jurisdiction to exercise appellate review over state court judgments. *See Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 858-859 (9th Cir. 2008); *see also D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). "The clearest case for dismissal based on the *Rooker-Feldman* doctrine occurs

when 'a federal plaintiff asserts as a legal wrong an allegedly erroneous decision by a state court, and seeks relief from a state court judgment based on that decision . . . .'" *Henrichs v. Valley View Dev.*, 474 F.3d 609, 613 (9th Cir. 2007), *quoting Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003). However, the doctrine is equally applicable to bar the federal courts "from exercising subject matter jurisdiction over a suit that is a *de facto* appeal from a state court judgment." *Reusser*, 525 F.3d at 859, *quoting Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004), *citing Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003). An action brought in federal court constitutes such an appeal if "claims raised in the federal court action are 'inextricably intertwined' with [a] state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules." *Id.*, *quoting Bianchi*, 334 F.3d at 898. In essence, the *Rooker-Feldman* doctrine provides that "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-1006 (1994) (citations omitted).

Here, as in Lopez' previous action arising out of the Yamhill County proceedings, Lopez' claims are "inextricably intertwined" with the decision of the Yamhill County Circuit Court. The gravamen of each of the claims is either that the stalking order was wrongly issued against Lopez, that the state-court proceedings were improperly instituted in the first instance, and/or that the state-court proceedings were conducted improperly. To provide relief on any of Lopez' claims would therefore require this court to review the Yamhill County proceedings, which it lacks subject-matter jurisdiction to do. Because no amendment of the complaint could be

Page 6 - FINDINGS AND RECOMMENDATION

effective to cure this jurisdictional deficiency, Lopez' complaint should be dismissed in its entirety.[2] *See* Fed. R. Civ. P. 12(h)(3); *see also* 28 U.S.C. § 1915(e).

## CONCLUSION

For the reasons set forth above, Lopez' motion (#3) for appointment of counsel and motion (#6) to reassign this action to a different judge should each be denied. In addition, this action should be dismissed in its entirety for lack of subject-matter jurisdiction.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due fourteen (14) days from service of the Findings and Recommendation. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due fourteen (14) days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

## NOTICE

A party's failure to timely file objections to any of these findings will be considered a waiver of that party's right to *de novo* consideration of the factual issues addressed herein and will constitute a waiver of the party's right to review of the findings of fact in any order or judgment entered by a district judge. These Findings and Recommendation are not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1)

---

[2] The fact that some of Lopez' claims assert violations of his federally-guaranteed, constitutional rights in the course of the state court proceedings does not modify this analysis. *See Feldman*, 460 U.S. at 483, n. 16 (noting that failure to raise federal constitutional claims in the course of underlying state court proceedings may cause a plaintiff to "forfeit his right to obtain review of the state-court decision in any federal court").

Page 7 - FINDINGS AND RECOMMENDATION

of the Federal Rules of Appellate Procedure should not be filed until entry of judgment.

Dated this10th day of June, 2010.

Honorable Paul Papak
United States Magistrate Judge