IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

FILED'10 JUL 09 15:54 USDC-ORP

HERMINIO LOPEZ,

    Plaintiff,

v.

RONALD STONE, CARROLL TICHENOR,
JOHN COLLINS, NEWBERG/DUNDEE
POLICE DEPARTMENT, DISTRICT
ATTORNEY OF YAMHILL COUNTY,

    Defendants.

No. CV 10-546-PK

OPINION AND ORDER

MOSMAN, J.,

On June 10, 2010, Magistrate Judge Papak issued Findings and Recommendation ("F&R") (#7) in the above-captioned case recommending that I deny Mr. Lopez's Motion for Appointment of Counsel (#3) and Motion to Reassign Case (#6). Judge Papak further recommends that the case be dismissed for lack of subject-matter jurisdiction. Mr. Lopez filed objections to the F&R (#10).

## DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to

PAGE 1 - OPINION AND ORDER

review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any of the magistrate judge's F&R. 28 U.S.C. § 636(b)(1)(C).

Upon review, I agree with Judge Papak's recommendation and adopt the F&R (#7) as my own opinion. Each claim raised in Mr. Lopez's Complaint (#2) is "'inextricably intertwined' with the state court's decision such that the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules" and therefore barred by the *Rooker-Feldman* doctrine. *See Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir. 2008). Mr. Lopez argues throughout his objections that he is entitled to relief because the state court judgment against him is void. (Objections (#9) 4-6, 8, 9, 10.) The Ninth Circuit explicitly held that "*Rooker-Feldman* bars any suit that seeks to disrupt or 'undo' a prior state-court judgment, regardless of whether the state-court proceeding afforded the federal-court plaintiff a full and fair opportunity to litigate her claims." *Doe v. Mann*, 415 F.3d 1038, 1042-43 (9th Cir. 2005) (quoting *Bianchi v. Rylaardsdam*, 334 F.3d 895, 900 (9th Cir. 2003). In light of this clear jurisdictional defect, I further find that Mr. Lopez's claims do not present the kind of exceptional circumstance for which appointment of counsel would be appropriate under 28 U.S.C. § 1915(e)(1). *See Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (requiring courts to evaluate a plaintiff's likelihood of success on the merits of his claim when considering whether a case presents "exceptional circumstances").

Accordingly, Defendant's Motion for Appointment of Counsel (#3) and Defendant's Motion to Reassign Case (#6) are DENIED. The case is DISMISSED for lack of subject-matter jurisdiction.

IT IS SO ORDERED.

DATED this 7th day of July, 2010.

MICHAEL W. MOSMAN
United States District Court

PAGE 3 - OPINION AND ORDER